UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JEFFERY WILLIAMS,

                    Plaintiff,

  -against-

DANNY AND COOP'S LLC
and 151 AVENUE A OWNER LLC,

                    Defendants
-------------------------------------------------------------x

Caso No.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Jeffery Williams (hereafter referred to as "plaintiff"), by counsel, Gabriel A. Levy, P.C., as and for the Complaint in this action against defendants Danny and Coop's LLC and 151 Avenue A Owner LLC (together referred to as "defendants"), hereby alleges as follows:

## NATURE OF THE ACTION

1. This case challenges ongoing and unjustifiable disability discrimination committed by the defendants. Plaintiff seeks injunctive, declaratory, and equitable relief, along with damages, attorney's fees, and costs, pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et seq., its implementing regulations, New York State Executive Law § 296, New York State Civil Rights Law § 40, and the New York City Administrative Code § 8-107. Defendants own, lease, manage, or operate a place of public accommodation that violates these laws. Defendants are responsible for the conduct of their agents and employees.

2. Rather than fulfill their legal duties to make their premises accessible, defendants chose to ignore those obligations. Their deliberate failure to comply sends a message that individuals with disabilities are unworthy of equal access. Plaintiff brings this action to ensure defendants remedy these violations and provide equal access to their facility.

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343, as this case arises under federal law. The Court has supplemental jurisdiction over the state and city law claims under 28 U.S.C. § 1367(a).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the discriminatory conduct occurred in this district and the property at issue is located here.

## PARTIES

5. Plaintiff resides in New York County, New York. He uses a wheelchair due to a spinal injury sustained from a gunshot wound at age 13, resulting in limited mobility and a reduced range of motion.

6. Defendants operate or lease the property located at 151 Avenue A, New York, NY 10009 ("the Premises"). Each defendant conducts or is authorized to conduct business in New York State. The Premises constitutes a place of public accommodation under federal, state, and local law.

## FACTUAL ALLEGATIONS

7. Defendants qualify as public accommodations under the ADA, Executive Law, and Administrative Code. The Premises is privately operated, affects commerce, and is thus subject to accessibility laws.

8. Multiple physical barriers at the Premises impede plaintiff's access. Plaintiff is informed and believes the Premises was designed and constructed for first occupancy after January 26, 1993, and was altered after January 1992.

9. Plaintiff frequently travels throughout New York City and often visits the area around the Premises for dining, shopping, and social activities. He drives a specially equipped car with hand controls.

10. On or around May 1, 2025, plaintiff attempted to enter the Premises to try a cheesesteak sandwich but encountered a step at the entrance and no way to contact staff inside. He felt humiliated and excluded. The same barriers remain today. Plaintiff still wishes to return once the location becomes accessible.

11. The Premises is less than an hour from plaintiff's residence. The facility fails to meet the 1991 or 2010 ADA Standards for Accessible Design and does not comply with New York City accessibility requirements.

12. Because of these noncompliant conditions, plaintiff has been denied safe and equal access. The facility was neither designed, constructed, nor altered in accordance with federal or local accessibility codes.

13. Existing barriers include:

14. No accessible entrance or route

15. No ramp to address the entrance step

16. Inaccessible interior tables lacking proper knee and toe clearance

17. These issues are not exhaustive, and further inspection will likely reveal additional violations. Plaintiff puts defendants on notice of his intent to amend this Complaint to include such violations if discovered.

18. Defendants have denied plaintiff equal participation in services due to his disability and have failed to implement appropriate policies or accommodations.

19. Plaintiff faces a continuing and credible threat of discrimination as long as these barriers remain. He intends to visit again once the Premises is compliant and looks forward to doing so.

**FIRST CAUSE OF ACTION (Violations of the ADA)**

20. Plaintiff is substantially limited in major life activities and is disabled within the meaning of the ADA. He uses a wheelchair for mobility and has restricted movement.

21. Both property owners and lessees are jointly liable for ADA violations. Defendants cannot escape liability through contractual arrangements.

22. Defendants denied plaintiff equal access because of his disability, both through physical barriers and discriminatory policies. By failing to comply with accessibility standards, defendants have excluded and marginalized disabled individuals.

23. Alterations made after January 1992 failed to meet applicable standards. Defendants failed to ensure accessible paths to primary function areas and did not make all required accessible features available.

24. Defendants did not remove barriers where readily achievable, nor did they offer reasonable alternatives as required.

25. These failures constitute a pattern of discrimination in violation of the ADA.

**SECOND CAUSE OF ACTION (Violations of the New York State Executive Law)**

26. Plaintiff has medical conditions that impair his mobility, qualifying as a disability under Executive Law § 296(21).

27. Defendants denied plaintiff equal access to a public accommodation and failed to remove barriers, in violation of Executive Law § 296(2).

28. Defendants did not provide reasonable alternatives to removal and failed to make all accommodations that were readily achievable.

29. Removing the barriers would not impose an undue hardship. As a result of this discrimination, plaintiff has suffered emotional harm and other damages.

**THIRD CAUSE OF ACTION (Violations of the Administrative Code of the City of New York)**

30. Plaintiff qualifies as disabled under Administrative Code § 8-102(16). Under Local Law 85, the City's Human Rights Law must be interpreted liberally.

31. Defendants refused to provide equal access and amenities at their place of public accommodation, violating Administrative Code § 8-107(4).

32. Defendants continued to maintain an inaccessible facility and subjected plaintiff to unequal treatment, in violation of local law and Local Law 58.

33. Defendants' conduct was deliberate and reckless, warranting punitive damages and disgorgement of profits derived from the non-compliant space. Plaintiff has suffered and continues to suffer emotional harm.

**FOURTH CAUSE OF ACTION (Violations of the New York State Civil Rights Law)**

34. Defendants' violations of the Executive Law also constitute violations of Civil Rights Law §§ 40-c and 40-d, entitling plaintiff to statutory penalties.

### INJUNCTIVE RELIEF

35. Plaintiff will continue to experience unlawful discrimination as a result of defendants' failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order defendants to alter and modify their place of public accommodation and their operations, policies, practices and procedures.

36. Injunctive relief is also necessary to make defendants' facilities readily accessible to and usable by plaintiff in accordance with the above-mentioned laws.

37. Injunctive relief is further necessary to order defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, Executive Law and the Administrative Code.

## DECLARATORY RELIEF

38. Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by defendants against plaintiff and as to required alterations and modifications to defendants' place of public accommodation, facilities, goods and services, and to defendants' policies, practices, and procedures.

## ATTORNEY'S FEES, EXPENSES AND COSTS

39. In order to enforce plaintiff's rights against the defendants, plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

i. Enter declaratory judgment declaring that defendants have violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring the rights of plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

ii. Issue a permanent injunction ordering **defendants to close and cease all business** until defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above, or in the alternative, **ordering the defendants to provide a plan for compliance**;

iii. Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not

reoccur;

iv. Award of compensatory damages in an amount to be determined at trial;

v. Award plaintiff punitive damages in order to punish and deter the defendants for their violations of the Administrative Code of the City of New York;

vi. Award reasonable attorney's fees, costs and expenses pursuant to the Administrative Code;

vii. Find that plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the ADA; and

viii. For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.

Dated: May 29, 2025

Manhasset, New York

Respectfully submitted,

**GABRIEL A. LEVY, P.C.**
Attorney for Plaintiff
1129 Northern Blvd, Suite 404
Manhasset, NY 11030
(347) 941-4715

**By:** /s/ Gabriel A. Levy, Esq.
**GABRIEL A. LEVY, ESQ (5488655)**
Glevy@glpcfirm.com